IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JASPER W. BAILEY,

    Petitioner,

  v.

KATHLEEN ALLISON, Warden,

    Respondent.

No. C 11-04321 EJD (PR)

ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT

(Docket No. 5)

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed a motion for leave to proceed in forma pauperis, (Docket No. 5), which is moot as he has paid the filing fee. (See Docket No. 6.)

**BACKGROUND**

Petitioner was found guilty by a jury in Santa Clara County Superior Court of rape and aggravated assault. (Pet. 2.) Petitioner was sentenced to 27 years to life in state prison on May 4, 2009. Petitioner appealed the conviction, which was affirmed by the state high court in 2010. (Id. at 3.)

Petitioner filed habeas petitions raising different claims in the state superior, appellate and supreme courts. (Id. at 4-5.) However, it appears from the petition that the last habeas

petition filed with the state high court was still pending at the time he filed the instant federal habeas petition on August 31, 2011. (Id. at 5.)

## DISCUSSION

A. <u>Petitioner's Claims</u>

According to the state appellate court's opinion affirming his conviction, Petitioner challenged the following issues on direct review: (1) trial court's exclusion of testimony from daughter's support person, (2) the use of CALCRIM No. 207; and (3) the admission of an uncharged sexual offense under Evidence Code section 1108. (Docket No. 11; suppl. to Pet.) Petitioner raises the following claims for federal habeas relief in the instant petition: (1) ineffective assistance of counsel, (Pet. at 6); (2) prosecutorial misconduct, (<u>id.</u>); (3) witness recanted her testimony and the sentence was unlawfully increased on the basis of facts not found by a jury, (<u>id.</u> at 18); (4) false evidence was admitted at trial and "bad faith destruction of potentially exculpatory evidence," (<u>id.</u> at 23); and (5) credibility of a witness, (<u>id.</u> at 27). The claims Petitioner alleges in the instant petition are different from those raised in his direct appeal, and Petitioner had not yet exhausted these new claims with the California Supreme Court at the time he filed the instant petition.

The United States Supreme Court has held that district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). Here, it is clear that the instant petition contains only unexhausted claims. Accordingly, this Court does not have discretion to stay the petition, and no motion for stay will be entertained at this time.

B. <u>Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state

judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). As discussed above, it is clear that Petitioner did not exhaust any of the claims presented in the petition at the time of filing. Accordingly, this petition must be DISMISSED for failure to exhaust all claims.

## CONCLUSION

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to Petitioner's returning to federal court after exhausting his state court remedies.

Petitioner's motion for leave to proceed in forma pauperis is DENIED as moot since he has paid the filing fee. (Docket No. 5.)

DATED: ___2/6/2012_____  _____
EDWARD J. DAVILA
United States District Judge

Order Denying Stay; Dismissal; Grant IFP
N:\Pro - Se & Death Penalty Orders\February 2012\11-04321Bailey_dism-exh.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JASPER BAILEY,

    Plaintiff,

v.

KATHLEEN ALLISON et al,

    Defendant.

Case Number: CV11-04321 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jasper W. Bailey G 60744
California State Prison-SATF II
Substance Abuse Treatment Facility
P.O. Box 5245
Corcoran, CA 93212

Dated: February 8, 2012

    Richard W. Wieking, Clerk
    /s/ By: Elizabeth Garcia, Deputy Clerk